# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR97-4028-MWB |
| Plaintiff, | |
| vs. | **ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| GILBERTO ALATORRE, | |
| Defendant. | |

This matter comes before the court on the defendant's motion to reduce sentence (docket no. 244). The defendant filed such motion on March 16, 2015.[1]

The United States Sentencing Commission recently revised the United States Sentencing Guidelines ("USSG") applicable to drug trafficking offenses by changing how the base offense levels in the drug quantity tables incorporate the statutory mandatory minimum penalties for such offenses. Specifically, Amendment 782 (subject to subsection (e)(1)) generally reduces by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in USSG §2D1.1 and made parallel changes to USSG §2D1.11. Because Amendment 782 (subject to subsection (e)(1)) alters the threshold amounts in the drug quantity tables in USSG §2D1.1 and USSG §2D1.11,

---

[1] In light of the record, the court concludes that it need not appoint counsel or conduct a hearing. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (concluding that there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c) and finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)); *see also United States v. Burrell*, 622 F.3d 961, 966 (8th Cir. 2010) (clarifying that "[a]ll that is required is enough explanation of the court's reasoning to allow for meaningful appellate review"); Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the reduction of a sentence under 18 U.S.C. § 3582(c)).

many, but not all, drug quantities will have a base offense level that is two levels lower than before Amendment 782 (subject to subsection (e)(1)).

The court is statutorily precluded from applying a federal sentencing guideline amendment retroactively unless the United States Sentencing Commission designates an amendment for retroactive application. In relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."); *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

The United States Sentencing Commission promulgated USSG §1.B1.10 to implement 28 U.S.C. § 994(u) and to provide guidance to a court when considering a motion under 18 U.S.C. § 3582(c)(2). In relevant part, USSG §1B1.10 states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As

> required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range . . . ."). In addition to specifying which federal sentencing guidelines may be retroactively applied, USSG §1B1.10 guides the court as to the amount by which a sentence may be reduced under 18 U.S.C. § 3582(c)(2). *See* USSG §1B1.10(b)(1).

On July 18, 2014, the United States Sentencing Commission unanimously voted to apply Amendment 782 (subject to subsection (e)(1)) retroactively to most drug trafficking offenses, and it set November 1, 2014 as the date that Amendment 782 (subject to subsection (e)(1)) would go into effect. Stated differently, Amendment 782 (subject to subsection (e)(1)) is included within subsection (d) of USSG §1B1.10. Consequently, under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10, the court may rely on Amendment 782 (subject to subsection (e)(1)) to reduce a defendant's sentence. But, even if Amendment 782 (subject to subsection (e)(1)) is applicable, a special limiting instruction applies: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." USSG §1B1.10(e)(1); *see also* Amendment 788 (amending USSG §1B1.10).

At the court's request, the United States Probation Office prepared a memorandum that, among other things, addresses the defendant's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2) and calculates the defendant's amended guideline range. The United States Probation Office also provided the court with additional information in support of its memorandum. That information includes, but is not limited to, the defendant's pre-sentence investigation report and the Federal Bureau of Prison's report on the defendant.

Pursuant to 18 U.S.C. § 3582(c)(2) and USSG §1B1.10, the court concludes that a sentence reduction is justified. *See United States v. Curry*, 584 F.3d 1102, 1104 (8th Cir. 2009) (discussing *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997)) (explaining requirements under USSG §1B1.10(b)). Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10.[2] The defendant's previously imposed terms of imprisonment, that is, 262 months imprisonment on count 1 and 240 months imprisonment on count 5, as reflected in the judgment dated March 13, 1999, is reduced to 168 months imprisonment. In the event that, as of November 2, 2015, the defendant already served 168 months imprisonment on count 1 and count 5, the defendant's sentence on count 1 and count 5 is reduced to time served as of November 2, 2015. *See* USSG §1B1.10(b)(2)(C) (prohibiting a term of imprisonment that is "less than the term of imprisonment the defendant has already served"); *see also id.*, comment. (n.3) (stating that the term of imprisonment may not be reduced below time served). The defendant's new sentence of 168 months imprisonment applies to count 1 and count 5 of the indictment. Except as provided above, all provisions of the judgment dated March 13, 1999 remain in effect. The duration and conditions of

---

[2] For purposes of the instant order, the court relied on the following determinations:

| Previous Offense Level: | 37 | Amended Offense Level: | 35 |
|---|---|---|---|
| Criminal History Category: | I | Criminal History Category: | I |
| Previous Guideline Range: | 210 to 262 months | Amended Guideline Range: | 168 to 210 months |

The reduced sentence of 168 months imprisonment on count 1 and count 5 of the indictment is within the amended guideline range.

the defendant's supervised release remain unchanged.  This order will take effect on November 2, 2015.

Because a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 is appropriate, the defendant's motion to reduce sentence (docket no. 244) is granted.  The clerk's office is directed to send and fax or email a copy of this order to the Federal Bureau of Prisons, that is, the place where the defendant, USM No. 01858-029, is currently incarcerated.  The clerk's office is also directed to send a copy of this order to the defendant, the office of the Federal Public Defender, the office of the United States Attorney and the office of United States Probation.

**IT IS SO ORDERED.**

**DATED** this 1st day of April, 2015.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA